# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERRY BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-2025 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) as frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain

1

origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice.

Plaintiff, who is incarcerated at SCI Camp Hill in Camp Hill, Pennsylvania, fancies himself "the owner of United States of America." Compl. at 1. Given his purported status, plaintiff alleges that "the City of Philadelphia Police Dept., Dept[.] of Correction and court houses is [sic] not allowed to pass any laws against [him]." *Id*. He appears to declare himself beyond the reach of the criminal laws, presumably the state law(s) pursuant to which he is detained currently, and beyond the jurisdiction of the courts. *See id*. Plaintiff demands "a terrorist removal judge to remove these officials," *id*., presumably the judges named in the complaint, and release from custody, *see id*. at 2. There is absolutely no factual or legal basis for plaintiff's claimed status or benefit derived from his "ownership" of the United States, and to the extent he demands habeas relief, that is, release from custody, this Court is not the proper forum adjudication of the claim. The proper respondent is the warden of the facility where plaintiff is detained, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

The complaint's patent insubstantiality warrants dismissal for lack of jurisdiction. A separate order will issue.

/s/

DATE: July 24, 2025                           TIMOTHY J. KELLY
                                              United States District Judge